UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Connor Murphy,<br><br>                    Plaintiff,<br>v.<br><br>Cedars Business Services, LLC,<br><br>                    Defendant. | COURT FILE NO. 20-2183<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for federal claims, 28

U.S.C. § 1367 for supplemental state law claims, and pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 2201.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

5. Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff via the mails, and incorporating itself to do business in Minnesota, while Plaintiff was located within and permanently residing within the State of Minnesota.

6. Defendant has transacted business within the State of Minnesota by operating a collection agency licensed with the State of Minnesota, filing articles of incorporation and/or registering itself with the Minnesota Secretary of State, sending and receiving mail within Minnesota, and conducting consumer debt collection activities in Minnesota.

**PARTIES**

7. Plaintiff Connor Murphy (hereinafter "Plaintiff") is a natural person who resides in the City of Woodbury, County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9. Defendant Cedars Business Services, LLC, (hereinafter "Defendant") is a California collection agency operating from a principal office address of 5230 Las

Virgenes Rd #200, Calabasa, CA 91302, with a registered agent of process identified as Northwest Registered Agent LLC, located at 202 N Cedar Ave, Suite #1, Owatonna, MN 55060, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), by attempting to collect this debt from Plaintiff in the State of Minnesota.

11. Sometime before 2020, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, medical debts various providers in the approximate amount of $7,195.74 arising out of an alleged debt for his medical care, that were for personal, family and household purposes ("debts").

12. Plaintiff disputes these alleged debts, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to these debts and to the claims made herein.

13. This alleged debt is a case of identity theft and/or mistaken identity, having arisen out of emergency medical services allegedly delivered to Plaintiff in the State of Hawaii in or around the middle of 2018.

14. Plaintiff has never been to Hawaii and was not the recipient of any of the alleged

medical services that are the subject of this lawsuit.

### *Defendant's Illegal Attempts to Collect Debt*

15. On or about May 22, 2020, Defendant sent a bill to Plaintiff that alleged that Plaintiff was responsible for one of these debts, namely, a bill for $1,228.12 allegedly owed to an entity called Hawaii Emergency Physicians Association ("collection communication").

16. In response to this collection letter, on or about May 23, 2020, Plaintiff called Defendant and disputed this debt verbally with Defendant.

17. At that time, Defendant's employee stated that it would send verification information about this debt directly to Plaintiff.

18. Despite this representation by Defendant's employee, no such verification was ever sent.

19. The above collection communications from Defendant to Plaintiff were false and deceptive and frustrated Plaintiff's ability to meaningfully respond to this debt collection effort, and were therefore illegal communications in an effort to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Additional Illegal Collection Efforts*

20. On or about June 15, 2020, after having not received any verification information on this alleged debt as promised by Defendant, Plaintiff sent Defendant a written dispute of this debt and asked again for verification information about this debt.

21. Thereafter, Defendant sent Plaintiff alleged verification on at least five other debts, with various amounts, creditors and account numbers that were completely separate and different from the original debt that it had sought to collect from Plaintiff.

22. At no time did Defendant provide Plaintiff with the notices required by 15 U.S.C. § 1692g of the FDCPA with respect to any of these additional five debts that it was now seeking to collect from Plaintiff.

23. These collection communications from Defendant to Plaintiff, which lacked any notice of Plaintiff's rights under the FDCPA, were therefore illegal communications in an effort to collect these debts in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9),1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

### *Summary*

24. The above-described collection conduct by Defendant in its efforts to collect these alleged debts from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

25. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

27. Defendant collection efforts with respect to this alleged debt from Plaintiff, which caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

28. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

### *Respondeat Superior Liability*

29. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

30. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, these individuals and

these other debt collectors were motivated to benefit their principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3), from Defendant herein.

## COUNT II.

## DECLARATORY RELIEF

## 28 U.S.C. § 2201

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties.

39. Defendant contends that Plaintiff owes money on at least six collection accounts to various medical creditors in the State of Hawaii.

40. Plaintiff disputes this contention and instead contends that he has never been to Hawaii and has never received medical services of any kind from these medical creditors, either personally or as a guarantor.

41. Plaintiff desires a judicial determination of the parties' respective rights and duties, and a declaration as to the existence or non-existence of these alleged debts, and if they so exist, the extent of the liability of Plaintiff to this Defendant, if any.

42. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties because Plaintiff's personal business affairs are seriously impaired, and he is otherwise suffering a financial burden by this unsettled state of affairs.

43. Plaintiff has already suffered from damage in the form of lost time from work and personal time to examine his credit reports and respond to this unlawful collection activity by Defendant for debts which he does not owe.

44. Defendant routinely credit reports collection accounts such as those which are the subject of this lawsuit and Plaintiff fears that these accounts will be placed on his credit report by Defendant in the future, despite the fact that he is not the responsible party for them.

45. Declaratory relief is therefore appropriate under 22 U.S.C. § 2201 in order to bring peace to the parties and prevent Defendant from causing further unwarranted and unjust damage to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692** *et seq.*

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

**COUNT II.**

**DECLARATORY RELIEF**

**22 U.S.C. § 2201**

- for a declaration that Plaintiff owes Defendant nothing for these alleged debts to these various creditors;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

**THE BARRY LAW OFFICE, LTD**

Dated: October 16, 2020

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2828 University Ave. SE, Suite 202
Minneapolis, Minnesota 55414-4127
Telephone:  (612) 379-8800
pbarry@lawpoint.com

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                                       ) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Connor Murphy verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on    Oct 16, 2020 _____

_____
Connor Murphy (Oct 16, 2020 14:07 CDT)
Signature